# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2013

No. 12-10944
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PRENTICE HOLLINGSWORTH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:12-CR-1-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Prentice Hollingsworth appeals the 72-month, above-guidelines sentence imposed following his guilty plea conviction of failing to register as a sex offender. As he did in the district court, Hollingsworth argues that the district court incorrectly calculated his criminal history score. He also argues for the first time on appeal that the district court did not adequately explain the selected sentence and that the sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hollingsworth's challenge to his criminal history calculation is two-fold. First, he argues that the district court erroneously treated his prior convictions of promoting prostitution and of compelling prostitution as separate offenses. Second, he argues that those two convictions, as well as his conviction of communicating with a minor for immoral purposes and assault, were too old to be assigned criminal history points. The Government concedes that Hollingsworth's convictions of promoting prostitution and of compelling prostitution were too old to be assigned criminal history points, but maintains that the three points assigned to the remaining conviction were proper. The Government argues that any error in calculating Hollingsworth's criminal history score was harmless.

Because Hollingsworth properly preserved the issue for appeal, we review the district court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). There is no need to determine whether the addition of three criminal history points based on Hollingsworth's conviction of communicating with a minor for immoral purposes and assault was proper under U.S.S.G. §§ 4A1.1(a), 4A1.2(e). Even if the district court erred by adding nine criminal history points to Hollingsworth's criminal history score based on the three disputed convictions, any error is harmless. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012); *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).

The district court imposed a non-guidelines sentence after considering the 18 U.S.C. § 3553(a) factors, most notably the nature and circumstances of the offense, Hollingsworth's extensive criminal history that reflected a habitual pattern of sex offenses involving minors and violence, and the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public. The record reflects that the district court would have imposed the same sentence even if the guidelines range

was incorrect. Accordingly, any error in calculating Hollingsworth's criminal history was harmless. *See Richardson*, 676 F.3d at 511.

Hollingsworth argues for the first time on appeal that the sentence imposed was procedurally and substantively unreasonable because the district court did not explain with particularity how it arrived at a 72-month sentence as a reasonable sentence and did not address Hollingsworth's nonfrivolous arguments in favor of a lower sentence. He also argues that the sentence is unreasonable because it over-emphasized his criminal history, which was already taken into account by the Guidelines.

Because Hollingsworth did not object to the district court's alleged failure to adequately explain the sentence or to the reasonableness of the sentence below, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Hollingsworth must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

"Congress requires the sentencing court to state 'the reasons for its imposition of the particular sentence.'" *Mondragon-Santiago*, 564 F.3d at 362 (quoting § 3553(c)). While sentences within the Guidelines require "little explanation," the district court must more thoroughly articulate its reasons when it imposes a non-guidelines sentence. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). There is no error if the sentencing record reveals the reasons for the sentence imposed and permits effective review by the appellate court. *United States v. Key*, 599 F.3d 469, 474-75 (5th Cir. 2010).

The sentencing record reflects that the district court sufficiently articulated its reasons for imposing the non-guidelines sentence. Specifically, the district court stated that it had considered Hollingsworth's habitual patterns of sex offenses, violence, and failing to obey the law. Although Hollingsworth

3

argues that the district court's reliance on his prior offenses was inappropriate because his criminal history was already taken into account in the guidelines range, district courts may consider factors already incorporated into guidelines sentencing calculations to support a non-guidelines sentence. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Because the district court sufficiently articulated its reasons for imposing the non-guidelines sentence, Hollingsworth has shown no error, plain or otherwise. *See Key*, 599 F.3d at 474.

Hollingsworth's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors. *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Instead, they constitute a mere disagreement with the district court's weighing of those factors. Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Hollingsworth has not demonstrated that the sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 50-53 (2007); *Brantley*, 537 F.3d at 349. Although Hollingsworth's 72-month sentence is 39 months greater than the top of the 27 to 33-month guidelines range advocated by Hollingsworth on appeal, this court has upheld variances considerably greater than the increase to his sentence. *See Brantley*, 537 F.3d at 348-50; *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006).

AFFIRMED.